IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHANNON ROGER WOLFORD,**

   **Plaintiff,**

 vs.              Civil Action 2:14-cv-1250
                    Judge Economus
                    Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

## REPORT AND RECOMMENDATION

 Plaintiff Shannon Roger Wolford protectively filed an application for supplemental security income on August 27, 2010, alleging that he has been disabled since his application date. *PAGEID* 91, 222. In a decision dated May 29, 2013, made following an administrative hearing, the administrative law judge concluded that plaintiff was not disabled from August 27, 2010, through the date of the administrative decision. *PAGEID* 91-100. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 20, 2014. *PAGEID* 60-63. This matter is now before the Court on plaintiff's motion to remand the action pursuant to Sentence 6 of 42 U.S.C. § 405(g). *Motion to Remand Based on New and Material Evidence* ("*Motion to Remand*"), Doc. No. 23. There has been no response to that motion.[1]

---

[1] The parties have also addressed plaintiff's claim, made pursuant to Sentence 4 of 42 U.S.C. § 405(g), that the decision of the Commissioner is not supported by substantial evidence. *Statement of Specific Errors*, Doc. No. 17, *Defendant's Memorandum in Opposition*, Doc. No. 23, and *Plaintiff' Response to Defendant's Memorandum in Opposition*, Doc. No. 24. Because the Court concludes that the matter should be remanded pursuant to Sentence 6 of 42

> Under the provisions of Sentence 6 of 42 U.S.C. §405(g),
>
> > [t]he court. . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; . . .

Evidence is "new," for purposes of this provision, only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990). Evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). Moreover, the plaintiff must establish that good cause exists for the failure to incorporate the new and material evidence into the prior proceeding. *Willis v. Sec'y of Health & Human Servs.,* 727 F.2d 551, 554 (6th Cir. 1984). A plaintiff may establish good cause by demonstrating a reasonable justification for the failure to acquire and present the evidence at the administrative hearing. *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001). This standard also applies to evidence submitted for the first time to the Appeals Council*. Id.; Cline v. Comm'r of Social Security,* 96 F.3d 146, 148 (6th Cir. 1996).

The administrative law judge found that plaintiff's severe impairments consist of "a bipolar disorder, an anxiety disorder, a

---

U.S.C. § 405(g), the Court does not address plaintiff's claim under Sentence 4 of 42 U.S.C. § 405(g).

personality disorder, borderline intellectual functioning, and a history of polysubstance abuse." *PAGEID* 93.  The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to work. *PAGEID* 95-97.  Specifically, the administrative law judge found that plaintiff's mental impairments neither meet nor equal Listing 12.05C, which addresses intellectual disability.[2]  In making this finding, the administrative law judge relied on cognitive testing performed when the plaintiff was in the fifth grade in 1990 and rejected cognitive testing performed in 2007.

Plaintiff was evaluated on October 1, 1990, at the age of 11 years and two months, to determine whether he should remain in developmental handicapped classes. *PAGEID* 472-74.  A Wechsler Intelligence Scale for Children-Revised ("WISC-R") was administered, and plaintiff achieved a Verbal IQ score of "72 ± 6," a Performance IQ score of "85 ± 7," and a Full Scale IQ score of "76 ± 5."  *Id*.  A Berry Developmental Test of Visual Motor Coordination revealed that plaintiff performed in the borderline range of visual motor skills, "like an average child aged 7 years, 2 months." *PAGEID* 473.  This was "consistent with his cognitive ability."  *Id*.  The evaluator concluded

---

[2] Listing 12.05C requires a finding of disability based on the claimant's intellectual disability if the claimant establishes "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" before age 22 and "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C.

3

that plaintiff continued "to function in the Borderline range of cognitive ability" and had "deficits in academic skills and adaptive behavior." *PAGEID* 474. It was recommended that plaintiff "[c]ontinue DH placement." *Id*.

The Wechsler Adult Intelligence Scale-3rd edition ("WAIS-III") was administered on June 20, 2007, during a consultative examination with clinical psychologist Paul A. Deardorff, Ph.D. *PAGEID* 388-93. Plaintiff "obtained a verbal scale IQ of 71, performance scale IQ of 69, and a full scale IQ of 67, indicating that he is currently functioning in the mildly retarded range of intelligence or about the 1st percentile for his age group." *PAGEID* 390. Dr. Deardorff noted that plaintiff's "tested IQ is slightly lower than to be expected based on his clinical presentation" and "[e]motional factors may have interfered with his performance on this measure as he appeared to be of borderline intelligence." *PAGEID* 391. Dr. Deardorff also noted that plaintiff "did not appear to exaggerate or minimize his difficulties" and that he "was adequately motivated." *PAGEID* 389. On tasks calling for comprehension of words, abstract verbal reasoning abilities, short-term memory skills, a fund of information, common sense reasoning abilities, and perceptual-organizational and problem solving abilities, plaintiff's performance fell "just below average limited." *PAGEID* 391. Plaintiff's arithmetic reasoning skills fell "moderately below the average range," and his word reading abilities fell "in the borderline range or at about the 7th percentile for his age group." *Id*. Plaintiff's word recognition abilities tested at a fifth grade level, and his sentence comprehension, spelling, and math

4

skills fell "in the mildly retarded range or at about the 1st percentile for his age group." *Id*. On Axis I, Dr. Deardorff diagnosed generalized anxiety disorder, NOS, and alcohol abuse in remission. *PAGEID* 392. On Axis II, Dr. Deardorff diagnosed borderline intellectual functioning. *Id*. According to Dr. Deardorff, plaintiff is moderately impaired in his mental ability to (1) relate to others; (2) understand, remember, and follow simple instructions; and (3) maintain attention, concentration, persistence, and pace. *PAGEID* 393. Plaintiff is moderately to severely impaired in his mental ability to withstand the stress and pressure associated with day-to-day work activity. *Id*.

The administrative law judge found that the 1990 testing was the more valid:

> Finally, the "paragraph C" criteria of listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. The claimant is not mentally retarded. WAIS-III testing performed by Dr. Deardorff in 2007 revealed the following IQ scores: verbal 71; performance 69; and full scale 67. On their face, these scores bring the claimant's borderline intellectual functioning within the scope of Section 12.05C. However, prior WISC-R IQ testing performed when the claimant was in school showed higher IQ scores as follows: verbal 72; performance 85; and full scale 76 (Exhibit 8F). These scores must be considered the more valid measure of the claimant's cognitive functioning and are not consistent with Listing level intellectual deficits. The claimant does not have commensurate deficits in adaptive functioning consistent with a diagnosis of mental retardation.

*PAGEID* 97.

In the *Motion to Remand*, plaintiff asks that the Commissioner consider a psychological examination performed by Sheila Kelly, M.A.,

5

approximately four (4) months after the administrative law judge issued his decision. *PAGEID* 68-73. On the WAIS-IV, plaintiff achieved a Verbal Comprehension Index score of 70, a Perceptual Reasoning Index score of 79, a Working Memory Index score of 74, a Processing Speed Index score of 79 , and a Full Scale IQ score of 71.  *PAGEID* 71. Ms. Kelly made an Axis II diagnosis of borderline intellectual functioning "with Verbal Comprehension index in the Mild Range of Mental Retardation. . . ." *PAGEID* 73.

In seeking a Sentence 6 remand to consider Ms. Kelly's findings, plaintiff argues that the evidence is new because it was generated after the administrative law judge rendered his decision, and is material because it "slams the door on any suggestion that Dr. Deardorff's I.Q. scores were impacted by emotional factors or other circumstances as suggested by the ALJ.  The evidence further confirms that the claimant's I.Q. is within Listing 12.05C range*." Motion to Remand,* p.2.

This Court concludes that plaintiff has met the standard for remand under Sentence 6 of 42 U.S.C. § 405(g). Ms. Kelly's report and findings were not in existence or available when the administrative law judge issued his decision and are therefore "new" for purposes of a Sentence 6 remand. *See Sullivan v. Finkelstein*, 496 U.S. at 626. Her report is "material" because, as plaintiff argues, there is "a reasonable probability" that the administrative law judge would have evaluated the cognitive tests differently had he had access to Ms. Kelly's report. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d at 711. Finally, the record establishes good cause for the

6

failure to incorporate the new and material evidence into the prior proceeding.  *See Willis v. Sec'y of Health & Human Servs.*, 727 F.2d at 554.  In this regard, the record reflects that plaintiff sought leave to submit new and material evidence to the Appeals Council almost immediately following the issuance of the administrative law judge's decision.  *See PAGEID* 87. Under these circumstances, remand under Sentence 6 is warranted.

It is therefore **RECOMMENDED** that plaintiff's *Motion to Remand Based on New and Material Evidence*, Doc. No. 23, be granted and that this action be remanded to the Commissioner of Social Security, pursuant to Sentence 6 of 42 U.S.C. § 405(g) for consideration of new and material evidence.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations

7

constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


September 10, 2015                              *s/Norah McCann King*
                                                  Norah M<sup>c</sup>Cann King
                                             United States Magistrate Judge

8